IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAYME NICOLE RITCHIE,

    Plaintiff,

v.                                                                                                          No. 13-cv-0886 SMV

CAROLYN W. COLVIN,
**Acting Commissioner of Social Security Administration,**

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 15] ("Motion"), filed on May 6, 2014. The Commissioner responded on July 1, 2014. [Doc. 16]. Plaintiff replied on July 28, 2014. [Doc. 17]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Motion is not well-taken and should be denied.

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116,

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on October 14, 2009. Tr. 11. She alleged a disability-onset date of January 1, 2008. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id.* ALJ Michelle K. Lindsay

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

held a hearing on October 5, 2011, in Albuquerque, New Mexico. *Id.* Plaintiff appeared via videoconference from Santa Fe, New Mexico with her attorney, Michelle Baca.[3] *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert, Cornelius J. Ford. Tr. 11, 51−56.

The ALJ issued her unfavorable decision on January 27, 2012. Tr. 11–20. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 13. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "mild dislocation of left acromioclavicular joint, bipolar disorder, posttraumatic stress disorder (PTSD), and alcohol abuse" Tr. 14. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 14–15.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 15–18. The ALJ found that:

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels except that she is limited to only occasional overhead reaching with the non-dominant upper extremity. She is limited to understanding, remembering, and carrying out short, simple instructions, not detailed or complex instructions. She is able to maintain attention and concentration to perform only simple tasks for two hours at a time without requiring redirection to task. She can have only occasional contact with the general public. She requires work that involves no more than occasional changes in the routine work setting.

---

[3] Although Plaintiff was represented by attorney Baca before the ALJ, here before this Court, she is represented by attorney Francesca MacDowell and the Michael Armstrong Law Firm.

Tr. 15.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  Tr. 18.  At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience, she could perform work that exists in significant numbers in the national economy.  Tr. 18–20.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims.  Tr. 20.  The Appeals Council denied Plaintiff's request for review on July 15, 2013.  Tr. 1−5.  Plaintiff timely filed the instant action on September 16, 2013.  [Doc. 1].

## Analysis

Plaintiff's arguments are not persuasive.  The Court finds no error in the ALJ's evaluation of her past work, her RFC, or her credibility.  Accordingly, the Motion will be denied.

I.  <u>Plaintiff fails to show reversible error in the ALJ's consideration of her past work.</u>

Plaintiff argues that the ALJ erred in considering her past work as a Wal-Mart stocker to be "indicative of [Plaintiff's] ability to work on a nearly full-time basis at a medium exertional-level job." [Doc. 15] at 8 (quoting Tr. 13).  Plaintiff argues that the ALJ was required to consider whether Plaintiff's working conditions were specialized and whether her performance was impaired.  *Id.* (citing *Jozefowicz v. Heckler*, 811 F.2d 1352, 1357–58 (10th Cir. 1987).  Indeed, Plaintiff posits that the evidence shows that her performance was impaired.  *Id.*  Specifically, she testified that she had difficulty showing up to work because of her depression, and her treating physician excused her from work due to anxiety.  *Id.* (citing Tr. 37, 316).

5

In *Jozefowicz*, the Tenth Circuit found that the ALJ erred when he found that the plaintiff's former job constituted "past relevant work" at step four.  811 F.2d at 1355–58.  Part of the court's reasoning was that "the claimant's attempts to improve her financial condition by telephone verification work in her home should not be used as evidence of ability to engage in substantial gainful employment, where the earnings were so marginal, the employment conditions so specialized, and her performance impaired by her pain and swelling."  *Id.* at 1357–58.  Apparently, Plaintiff interprets this statement as a mandatory test that ALJ Lindsay was required to apply before making any findings regarding Plaintiff's work at Wal-Mart.  The Court is not convinced.  Instead, the statement appears to be a list of the reasons that substantial evidence did not support the ALJ's findings in that case.  *See id.*  Moreover, Social Security Ruling 96-8p expressly requires that ALJs consider all relevant evidence in formulating RFC assessments, including "[e]vidence from attempts to work."  1996 SSR LEXIS 5 at *14, 1996 WL 374184, at *5.  Therefore, I find no error in the ALJ's evaluation of Plaintiff's past work at Wal-Mart.

  II. <u>Plaintiff fails to show reversible error in the RFC assessment.</u>

Plaintiff makes three arguments as to why the RFC assessment is erroneous, but none is convincing.

  a. <u>Concentration</u>

Plaintiff argues that the RFC assessment is inadequate because it fails to reflect limitations in her ability to concentrate that are borne out by the record.  [Doc. 15] at 10–14.  She further argues that the ALJ was required to perform a specific analysis of the treating

providers' opinions, including expressly describing the amount of weight she assigned to the opinions. *Id.* at 13.  The Court disagrees.

First, the Court finds that the limitations in concentration identified by Plaintiff are, in fact, reflected in the RFC.  The ALJ limited Plaintiff to "understanding, remembering, and carrying out short, simple instructions, not detailed or complex instructions [and] to maintain[ing] attention and concentration to perform only simple tasks for two hours at a time without requiring redirection to task."  Tr. 15.  Relying on *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012), Plaintiff argues that these limitations do not account for her actual limitations in concentration.  [Doc. 15] at 10–14 (citing Tr. 299–304, 363–66 (Dr. Gonzalez-Zakarchenco's records); Tr. 355, 359–60 (Dr. Bridges' consultative report); Tr. 384, 386, 392, 393, 399–405 (records from Licensed Mental Health Counselor Wirth)).

In *Chapo*, the Tenth Circuit held that a limitation to "simple work" or "unskilled jobs" is generally insufficient to address a claimant's mental impairments, such a difficulty concentrating.  682 F.3d at 1290 n.3 (collecting cases); *see also Wayland v. Chater*, Nos. 95-7029, 95-7059, 1996 U.S. App. LEXIS 1851, 1996 WL 50459, at *2 (10th Cir. Feb. 7, 1996) (unpublished) ("[T]he tacit premise in the ALJ's analysis, i.e., that a cognitive or emotional impairment may be functionally equated with the lack of a skill, as that term is employed in the Secretary's regulations, is wrong. Numerous authorities illustrate the basic point that intact mental aptitudes are not skills, but, rather, general prerequisites for most work at any skill level."); *see generally* SSR 96-9p, 1996 WL 374185 at *9 (equating a limitation of simple work-related decisions to unskilled work).  Here, however, the RFC not only limited

Plaintiff to simple instructions and simple tasks, but additionally limited her to "maintain[ing] attention and concentration . . . for *two hours at a time* without requiring redirection to task." Tr. 15 (emphasis added). This temporal limitation distinguishes the instant case from *Chapo*. The Court finds that the RFC here adequately reflects the limitations in concentration identified by Plaintiff. The Court further finds that because there is no discrepancy between the record and the RFC assessment, the ALJ's failure to perform an express treating-physician analysis is not reversible error. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004) (rejecting the plaintiff's argument that the ALJ should have discussed the medical evidence because, *inter alia*, "none of the record medical evidence conflicts with the ALJ's conclusion that claimant can perform light work").

b. Work Pressures

Plaintiff argues that the evidence of record establishes that her ability to handle pressure is impaired. [Doc. 15] at 14–18. She also argues that the RFC assessment does not account for such impairment, and thus, remand is warranted. *Id.* The Commissioner responds that such limitation is accounted for in the RFC's limitation to only occasional contact with the general public and work requiring no more than occasional changes in the routine work setting. [Doc. 16] at 7 (citing Tr. 15). The Court agrees. Accordingly, Plaintiff fails to show any reversible error on this point.

c. Alleged Non-Compliance with Treatment

Next, Plaintiff argues that the ALJ's finding that Plaintiff was "consistently non-complaint" with treatment is a misstatement of the record. [Doc. 15] at 18–19 (citing

8

Tr. 17–18). She argues that the ALJ was required to develop the record as to why Plaintiff missed numerous counseling appointments by asking Plaintiff directly or by recontacting Plaintiff's counselor, Ms. Wirth. *Id.* at 19. Without such development, Plaintiff posits that the ALJ erred in relying on Plaintiff's non-compliance with treatment. *Id.* (citing *Robinson v. Barnhart*, 366 F.3d 1078, 1083–84 (10th Cir 2004)). The Commissioner responds that Ms. Wirth herself repeatedly assessed Plaintiff's compliance as "poor." [Doc. 16] at 9 (citing Tr. 377, 382, 384, 386, 396–97, 402, 408, 413, 415, 417, 427–28, 433). Besides, treatment compliance is one factor that ALJs may consider in evaluating credibility. *Id.* (citing *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)). The Commissioner is correct.

      The circumstances in *Robinson* are quite different from those in this case. For example, here, in evaluating Plaintiff's credibility, the ALJ relied on counselor Wirth's repeated treatment notes assessing "poor" compliance. Tr. 377, 382, 384, 386, 396–97, 402, 408, 413, 415, 417, 427–28, 433. Whereas in *Robinson*, the ALJ rejected the treating physician's opinion that the plaintiff could not work based on the ALJ's own lay speculation that the plaintiff was not compliant with her medications. 366 F.3d at 1083–84. Essentially, the Tenth Circuit found that substantial evidence did not support the ALJ's finding of non-compliance in that case and suggested that under such circumstances an ALJ should develop the record on the matter before speculating. 366 F.3d at 1083–84. *Robinson* does not apply to this case. The Court finds no error in the ALJ's finding of, or reliance on, Plaintiff's non-compliance.

### III. Credibility

In evaluating Plaintiff's credibility, the ALJ found, in pertinent part, that "while [Plaintiff]'s condition can reasonably be expected to result in some symptoms and limitations, *the objective evidence does not support total disability*." Tr. 18 (emphasis added). Plaintiff takes issue with this finding. [Doc. 15] at 20. Plaintiff argues that she was not required to "supply objective evidence to prove the extent of her disability." [Doc. 15] at 20 (citing *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004)). Therefore, she urges remand. *Id.* at 20–21.

The Court is not persuaded by Plaintiff's argument. It is clear that the ALJ's credibility finding was based on more than inconsistency with the objective evidence. *See* Tr. 15–18. She specifically found that Plaintiff had not been compliant with her mental health counseling and that her work at Wal-Mart belied her claims. Tr. 17, 18. Therefore, her findings do not conflict with *Hardman*. *See Hardman*, 362 F.3d at 681 (remanding where credibility analysis rested entirely on lack of objective medical support).

Lastly, Plaintiff argues that the ALJ impermissibly failed to mention or discuss evidence from Plaintiff's mother and father that corroborated Plaintiff's testimony. [Doc. 15] at 21 (citing Tr. 14–18, 213–218). The Commissioner urges that the parents' testimony was largely cumulative of Plaintiff's, and therefore, the ALJ was not required to expressly discuss it. *Id.* The Court agrees with the Commissioner.

"[A]n ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting [her] decision, the ALJ also must discuss the uncontroverted

10

evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996); *see Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006) (applying *Clifton* where lay testimony was *uncontroverted*).

Here, Plaintiff does not argue that the allegedly ignored evidence is uncontroverted. *See* [Doc. 15] at 21. Moreover, given the nature of the parents' evidence—which is largely cumulative of Plaintiff's testimony, and which is not necessarily inconsistent with the RFC—the Court finds that the absence of a written discussion does not warrant remand. *See Brescia v. Astrue*, 287 F. App'x 626, 630–31 (10th Cir. July 8, 2008) (citing *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996) (rejecting a rule requiring an ALJ to make specific written findings concerning each witness's credibility)). For these reasons, Plaintiff fails to show reversible error in the ALJ's credibility analysis.

## Conclusion

Because Plaintiff fails to meet her burden before this Court to show either that the ALJ applied an incorrect legal standard or that her decision was not supported by substantial evidence, the Commissioner's final decision should be affirmed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 15] is **DENIED**. The Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

11